IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

ANTONIO FREEMAN                      §

VS.                              §                CIVIL ACTION NO. 1:19cv361

DIRECTOR, TDCJ-CID               §

MEMORANDUM ORDER REGARDING TRANSFER

Plaintiff Antonio Freeman, an inmate confined at the Robertson Unit, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636 and the Local Rules for the Assignment of Duties to United States Magistrate Judges.

Discussion

On April 1, 2008, in the 188th Judicial District Court for Gregg County, Texas, petitioner was convicted and sentenced to a term of imprisonment for thirty years in the Texas Department of Criminal Justice. Additionally, on June 5, 2008, in the 129th Judicial District Court for Gregg County, Texas, petitioner was convicted and sentenced to a term of imprisonment for twenty years in the Texas Department of Criminal Justice, to be served consecutively to the previous sentence.

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his petition for writ of habeas corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted. Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Pursuant to 28 U.S.C. § 124, Gregg County is located in the Tyler Division of the Eastern District of Texas. Jurisdiction is proper in the Eastern District of Texas because the prisoner was originally convicted within the district court's territorial boundaries and is currently confined in this district. However, the petition was inadvertently filed in the Beaumont Division instead of the division in which petitioner was convicted, the Tyler Division. The Court has considered the

circumstances and has determined that the interest of justice would best be served if this petition were transferred to the division in which the petitioner was convicted.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Since petitioner complains of a conviction which occurred in Gregg County, all records involving this action most likely will be located in the Tyler Division. Thus, the transfer of this action to such division would further justice. Therefore, it is the opinion of the undersigned that this petition should be transferred to the United States District Court for the Eastern District of Texas, Tyler Division. An Order of Transfer so providing shall be entered in accordance with this Memorandum Opinion.

**SIGNED this the 3rd day of October, 2019.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE